Charles L. **SIKES** and Arnold T. Sikes, Plaintiffs-Appellees Cross-Appellants,

v.

**McGRAW–EDISON COMPANY,** Defendant-Appellant Cross-Appellee.

No. 80–2089.

United States Court of Appeals, Fifth Circuit.

March 25, 1982.

Haight, Hofeldt, Davis & Jambor, Edward A. Haight, Chicago, Ill., Cotton, Bledsoe, Tighe & Dawson, Charles Tighe, Midland, Tex., for McGraw Edison Co.

W. B. Browder, Jr., Midland, Tex., for Charles L. and Arnold T. Sikes.

Before GEE and RUBIN, Circuit Judges, and SPEARS *, District Judge.

GEE, Circuit Judge:

On petition for rehearing, appellant McGraw-Edison again presses upon us several contentions already argued. Two merit brief further discussion. Our opinion errs, we are told, in failing to distinguish the appropriation of a new product idea from that of a trade secret and in failing to recognize that the Sikes' device could not have been a trade secret since "once it is implemented it is exposed for the world to see ... and to legally imitate." *Richter v. Westab*, 529 F.2d 896, 900 (5th Cir. 1976). These propositions are supported by various authorities cited but by none applying Texas law. Here is the rub.

For this is a diversity case. Like all trade secret actions, it derives from the common law of some state. Here the reference is to that of Texas, which has so far followed a course somewhat different from that of other states. In *Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763 (1958), for example, the court affirmed a perpetual injunction against one who had acquired the details of a device in confidence, even though they were disclosed in a patent application but denied as patent claims. In so doing, it made plain that under Texas law breach of confidence is the essence of such a cause of action:

> If these details as to construction were received by Hyde Corporation in confidence and that company later attempted to exploit them to Huffines' injury through a breach of confidence, an action lies, and it matters not whether the suit be designed as a "trade secret" case or as a suit for breach of confidence, which is a term commonly used by Huffines in describing his claim for relief.

*Id.* at 777.

In so doing, the Texas court expressly recognized that "[t]he effect of the injunc-

tion is to deprive Hyde Corporation of the right to do that which every other person could do...." *Id.* at 778. Nevertheless, the court held it irrelevant that the confidant could have acquired and used the information legitimately when in fact it did so in breach of confidence. And in *K & G Oil Tool & Service Co. v. G & G Fishing Tool Service*, 158 Tex. 594, 314 S.W.2d 782 (1958), the court affirmed a judgment against one who learned the secrets of a tool by disassembling it in breach of a promise not to do so in the face of a jury finding that the internal construction of the tool could be determined by an examination of the tool without disassembling it.

It is thus the present law of Texas that one who acquires knowledge of this sort in confidence may not turn it to his own use in breach of that confidence even though subsequent events make it available to the rest of the world.

Nor does Texas law draw so rigid a distinction between new product ideas and trade secrets as that petitioner presses upon us: that the secret must be "used in one's business" in the sense that he is manufacturing and selling a product by means of or incorporating the secret in dispute. In *Hyde Corp. v. Huffines, supra*, the Texas court quotes section 757 of the first Restatement of Torts, from which the "used in one's business" language derives, but finds no difficulty in holding that a garbage compaction device was a "trade secret" in the hands of its inventor, though he had never manufactured or sold it commercially.

We do not say that the distinctions pressed upon us by petitioner are untenable or even that they may not present the more logical view. Indeed, the writer, as amicus, pressed the first upon the Texas court in the cases cited. He did not prevail, however, and neither proposition is the law of Texas.

It is, therefore, ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.

---

* District Judge of the Western District of Texas,      sitting by designation.